## Ruiz *v.* Pacheco.

Appeal from the District Court of Guayama.

No. 51.—Decided May 15, 1905.

Judgment in Default.—In order that the provisions of section 194 of the Code of Civil Procedure may be applicable in cases in which the payment of amounts of money or indemnity for damages are involved and the default of the defendant is entered, the plaintiff must request the court to render judgment in accordance with the prayer contained in the complaint.

Action to Recover.—In order that an action to recover the ownership of a thing may be successful, it is an essential requisite that the plaintiff shall prove the identity of the thing either by a survey or other adequate evidence to the extent of proving that it is the same thing that is in the possession of the defendant.

The facts are stated in the opinion.

*Mr. Palacios Rodríguez,* for appellant.

The respondent did not enter .an appearance.

Mr. Chief Justice Quiñones delivered the opinion of the court.

On August 18th of last year, León Ruiz Arriola, through his counsel, Celestino Domínguez y Rubio, brought an action in the District Court of Guayama against Alejandro Pacheco, a resident of said town, seeking to recover a farm belonging to him consisting of ten *cuerdas* of land, situated in the *barrio* of Jobos, district of La Puente, section Garrochal, in that municipal district, which property the plaintiff

had acquired by purchase from Félix Lino de Rivera under a public instrument dated September 12, 1903, recorded in his favor in the register of property. The plaintiff had entered upon the possession of this property some months before, continuing therein until one day in the month of December, 1903, when he was deprived thereof by the defendant, who entered upon the farm and forced him to abandon it by threats, pulling down the fences, cutting all the timber in the woods, and devastating the farm completely. For these reasons he brought an action against him, praying that the defendant should be adjudged to return it to him and to pay him one hundred dollars, at which he estimated the damage which had been done to his property, and an additional fifty dollars as the estimated profit he would have obtained from the cultivation of the land in sugar-cane, as he had intended to do and which he was prevented from doing by the acts of Pacheco.

The defendant did not make answer within the period prescribed by law, for which reason he was declared in default; but as he entered an appearance later, pleading that he had not made answer in due time because he had erroneously believed that in the computation of the time holidays should be excluded, as was formerly done, and that he had a good defense in opposition to the complaint, because the farm claimed by Arriola was not the same which was possessed by the defendant, and which belonged to a third person, as the boundaries of both would show, the court after hearing the motion of the defendant and the reasons advanced at the hearing, vacated the order of default and granted him three days within which to make answer to the complaint. Said period passed without answer being made, and the hearing was had, at which the evidence presented by the plaintiff was heard. This evidence consisted of the testimony of nine witnesses, including Arriola himself, all of whom agreed that the land had been sold by Félix Lino de

Rivera to the plaintiff, some of them adding that they had heard that Pacheco had cut down all the timber in the woods on the farm.

Consequently, the District Court of Guayama rendered the following judgment:

"October 1st was set for the hearing of this cause, the plaintiff appearing with his counsel, the default of the defendant having been entered owing to no answer having been filed, the court knowing that the defendant, Alejandro Pacheco, had been duly cited and summoned, the plaintiff stating that he was ready to proceed. The court, after hearing the petition of the plaintiff, the evidence presented and the argument of his counsel, reserved judgment. This 13th day of October, 1904, the court holds that the law and the facts are in favor of the defendant, and, therefore, that the claims of the plaintiff against the defendant be rejected, and that the latter be relieved of any claim with respect to this complaint, with the costs of this action against the plaintiff. Given, delivered, and published in open court, this 13th day of October, 1904.—Charles E. Foote, Judge."

From this judgment León Ruiz Arriola, the plaintiff, took an appeal, and having entered an appearance in this court and presented his brief, in which he cited as violated, section 194 of the new Code of Civil Procedure, according to which after the default of the defendant has been entered in proceedings of this character, judgment must be entered as prayed for in the complaint, and also sections 354, 355 and 448 of the Civil Code in force, which treat of ownership and its effects and of the right of a person in possession of a thing to be protected therein; he then prayed the court for permission to supplement the record with a copy of the deed of sale of the lands, which formed part of the record of the lower court, which was granted. Said copy shows that, as a matter of fact, by a public instrument executed in Guayama before José Mariano Capó y Alvarez, a notary of said city, on September 12, 1903, Féliz Lino de Rivera, in his own name, and as the attorney in fact of Florentina Ortiz y Sánchez,

his wife, for the purpose of giving her consent to the sale actually sold to León Ruiz y Arriola a farm or rural estate consisting of ten *cuerdas,* situated in the *barrio* of Jobos, district of Garrochal, and section of La Puente, in that municipal district, with the metes and bounds set forth in said instrument, for the price and sum of one hundred and sixty dollars which the vendor acknowledged having received. This document is recorded in the registry of property in the name of the purchaser León Ruiz Arriola, the secretary of the District Court of Guayama, certifying to the exactness of the copy. Said copy having been added to the record, a day was set for the hearing, which was had without the attendance of counsel.

Passing now to a consideration of the grounds for the appeal set forth in the brief of the appellant, the undersigned judge is of the opinion that they are not well taken. In the first place, while section 194 of the new Code of Civil Procedure, cited by counsel for the appellant in his brief, provides that in an action in which the recovery of money or damages alone is not involved, judgment may be entered in accordance with the petition, after the default of the defendant shall have been entered, such request must be made by the plaintiff, as may be deduced from the context of the section which provides that, after the clerk shall have entered the default of the defendant, "the plaintiff may apply at the first or any subsequent term of the court for the relief demanded in the complaint." This has not been done in this case, but, on the contrary, the record shows that the plaintiff, instead of doing this, presented the testimony of witnesses, which the judge admitted and which was heard at the trial, with the result previously mentioned. This then disposes of the first point. And in the second place, while the plaintiff and appellant, León Ruiz Arriola, has presented the deed of sale of the lands, recorded in the registry of property, which constitutes in his favor a title to the ownership of the lands

comprised in said document, he has failed to prove their identity and to establish that they really are the same lands of which the defendant is in possession; such proof, as a general rule, is an essential requisite for the success of an action to recover property, and in this case was especially called for because the defendant, Alejandro Pacheco, has maintained in an affidavit presented at the time a request was made for an extension of time in which to file the answer, that the lands claimed and those possessed by him are different, and that to corroborate this statement it would be sufficient to make an ocular inspection which would show that the boundaries described in the complaint do not agree at all with those of the farm held by him, and that, consequently, they are two different farms.

The question of this identity could have been settled either by a survey made by experts, or by other adequate proof, which has not been done in this case, because the evidence of witnesses presented and admitted in these proceedings at the petition of the plaintiff, does not prove that the defendant is really in possession of the lands referred to in the deed.

With regard to the other articles of the Civil Code in force and cited in his brief by the appellant, they have absolutely no application, inasmuch as he has not established his complaint, and, consequently, have no application to the case at bar.

For these reasons, the undersigned judge believes that the judgment appealed from should be affirmed with costs.

*Affirmed.*

Justices Hernández, Figueras, and MacLeary concurred.

Mr. Justice Wolf did not sit with the court at the hearing of this case.